## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **OWEN HARTY Individually,** | : |
| | : Case No. 8:09-cv-2597-JSM-TGW |
| **Plaintiffs,** | : |
| **v.** | : |
| | : |
| **KIMCO LAKELAND 123, INC., A Florida** | : |
| **Corporation,** | : |
| | : |
| **Defendant.** | : |
| _____ | : |
| | : |
| | : |

### PLAINTIFF'S VERIFIED APPLICATION FOR APPROVAL OF SETTLEMENT AGREEMENT REGARDING ATTORNEY FEES, COSTS, EXPERT FEES AND LITIGATION EXPENSES AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, pursuant to the Order of Court, hereby submits the following Verified Application For Approval of The Settlement Agreement For Attorney Fees, Costs, Expert Fees and Litigation Expenses,

### Summary

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181, et seq. ("Americans With Disabilities Act" or "ADA") at Defendant's place of public accommodation located in Lakeland Florida. After service on Defendant, counsel for the respective parties engaged in a long series of communcations taking place over several months. Plaintiff's expert took two trips to the Lakeland area to perform an initial investigation and a Rule 34 inspection of the premises. After considerable dialogue and a substantial exchange of communications between counsel, the parties ultimately agreed to remediations that Defendant

would implement to bring its facility into ADA compliance.  Pursuant to these negotiations, the

parties also agreed that Plaintiff's counsel would be entitled to the total sum of $18,000.00 for all

attorney fees, expert fees, costs, litigation expenses and a reinspection fee to monitor compliance

with the Settlement Agreement.

Plaintiff hereby requests that this Court approve the release of funds pursuant to that

Settlement Agreement.

## Memorandum of Law

I.  Plaintiff Is Entitled To His Attorney Fees, Costs, Litigation Expenses and Expert Fees

Plaintiffs has been obligated to retain undersigned counsel for the filing and prosecution

of this action, and have agreed to pay  counsel reasonable attorneys' fees, including costs,

litigation expenses and expert's fees and costs, incurred in this action.  Plaintiff are entitled to

recover those attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C.

§12205.

Attorneys' fees, expert fees, litigation expenses and costs are recoverable under the ADA.

42 U.S.C. § 12205.  To recover attorneys fees under 42 U.S.C. § 12205 a plaintiff must be a

prevailing party.  Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Human Res.,

532 U.S. 598 (2001).  In order to be a "prevailing party" under Buckhannon , a plaintiff must not

only achieve some material alteration of the legal relationship of the parties, but that change must

also be judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75 (2d Cir. 2004); American

Disability Association, Inc. v. Chimielarz, 289 F.3d 1315 (11th Cir.2002); Habich v. City of

Dearborn, 331 F.3d 524 (6th Cir. 2003); Barrios v. Cal. Interscholastic Fedn., 277 F.3d 1128 (9th

Cir.2002) . In the instant action, Plaintiffs are the prevailing party pursuant to the Default.

### III.    CALCULATING ATTORNEYS FEES

In a civil rights case, the amount of an award of attorneys fees is determined by using the "lodestar" method: the value of a lawyer's service is calculated by determining a reasonable hourly rate for the provision of legal services and multiplying that rate by hours reasonably expended.  See,  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable, comparable skills, experience and reputation. See, Marisol A. v. Giuliani, 111 F.Supp.2d 381 (S.D.N.Y.2000).  The relevant community to which the Court should look is the District in which the case was brought.  Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York, 2003 WL 21782675 (S.D.N.Y. 2003); AR v. New York City Department of Education, 407 F.3d 65 (2d Cir 2005); Access 4 All, Inc. v. Park Lane Hotel, Inc., 2005 WL 3338555 (S.D.N.Y. 2005).

Court holdings in the past ten years provide evidence of the going rate in the community. Rates ranging from $350 to $430 per hour to be reasonable in similar types of litigation over the past 10 years.  For example, in Rodriguez v. McLoughlin, 84 F.Supp.2d 417 (S.D.N.Y. 1999), the Court awarded the supervising attorney in a civil rights action $425 per hour.  In Gonzalez v. Bratton, 147 F. Supp. 2d 180, 211-12 (S.D.N.Y. 2001), the court approved rates up to $390 an hour for senior attorneys in a civil rights case.  In Marisol A. ex rel Forbes v. Giuliani, 111 F.Supp.2d 381 (S.D.N.Y.2000), the Court awarded civil rights attorneys up to $390 per hour. Additionally, in Skold v. American Int'l Group, Inc., 1999 WL 405539 at 6-7 (S.D.N.Y. June 18, 1999), the Court held that rates of $400 for an experienced civil rights litigator was reasonable. The foregoing cases are at least five years old and current rates would be higher due to inflation

-3-

and the increased cost of operations. In a 2004 decision in <u>Kuper v. Empire Blue Cross and Blue Shield</u>, No. 99 Civ. 1190JSG-MHD (S.D.N.Y. Dec. 18, 2003), aff'd No. 99 CV-1190 (Jan. 20, 2004), the Court held that $425 an hour for an experienced civil rights attorney was reasonable. This Court also stated at page 10, that "hourly rates in excess of $400 are not limited to big firms." The Court referred to <u>New York State NOW v. Pataki</u>, 2003 WL 2006608, at 2 (S.D.N.Y. Apr 30, 2003), where the Court approved $430 an hour for a small civil rights litigator. In 2005, the hourly rate of $350.00 was charged by a comparable attorney in the case of <u>Thompson v. Rancho Del Norte Villas, Inc.</u>, Case No. CV-S-156 (D. Nev. 2005). Moreover, as long ago as 2001, the Ninth Circuit affirmed a lower court award of $375 hourly to a prevailing civil rights plaintiff in <u>Bauer v. Sampson</u>, 261 F.3d 775, 786 (9th Cir. 2001).

In the case of a federal, nationwide, practice, at least one court has held it appropriate to consider rates awarded in other federal jurisdictions. <u>Sigley v. Kuhn</u>, 205 F.3d 1341 (6th Cir. 2000). In the case of <u>Access 4 All, Inc. v. Park Lane Hotel, Inc.</u>, 2005 W.L. 3338555, *4 (S.D.N.Y. 2005), as of 2005 it was recognized that attorneys were awarded hourly rates ranging up to $425.00. In <u>Steven Brother v. BFP Investments, Ltd.</u>, Case No. 03-10129-civ-Marra/Dube, the Court awarded Plaintiff's counsel $385 per hour in a Title III ADA case in March 2005. In <u>Betancourt v. 3600 Centerpoint Parkway Investments, LLC</u>, No. 03-72868 (E.D. Mich. 2004), the Court awarded an attorney $325 per hour in an ADA discrimination case in 2004. In <u>Morris v. Eversley</u>, 343 F.Supp. 234 (S.D.N.Y. 2004), attorneys in a civil rights case with 15 years of experience, were awarded $350 per hour in 2004.

Factors to be considered when setting a fee include: (A) the amount involved and the results obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D)

the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. Hensley, supra, p. 429-430, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974).

Thomas B. Bacon was himself awarded the hourly rate of $300.00 for work performed in 2007 in Disabled Patriots of America, Inc. v. Reserve Hotel, Ltd, N.D. Oh. 07-713, slip op. at 20 (Exhibit A attached hereto)(Aug. 20, 2009).  He was also awarded the rate of $300.00 for work performed in 2008 in the case of Disabled Patriots of America, Inc. v. RDA Management, Inc., N.D. Oh. Case No. 5:07-cv-03465.  In that case, Judge Adams issued a summary order granting Plaintiff's petition for fees based on the rate calculation of $300.00.   [DE 26, 28.]

The two Court orders awarding Thomas B. Bacon the hourly rate of $300 were premised on work performed 2-3 years ago.  In that time, Attorney Bacon's experience in handling Title III ADA matters has expanded exponentially.  As of the time of this application, Thomas B. Bacon has personally handled several hundred such cases and is therefore entitled to the highest hourly rate.

**A.     The Amount Involved and The Results Obtained**

The Supreme Court has held that the most critical factor  in determining the reasonableness of a fee award  is the degree of success obtained.  Hensley, 461 U.S.  at 436; Farrar v. Hobby, 506 US 103, 114 (1992). See also Pearson v. Fair, 980 F.2d 37 (1st Cir. 1992).

Plaintiff submits that the benefit of the litigation to the public as a whole is a crucial factor under the Johnson analysis when determining fees.  Pubic policy may support an award of attorneys' fees in civil rights cases when the Plaintiff has sued to vindicate a public right at a cost high in comparison to the actual damages suffered. Knight v. Auciello, 453 F.2d 852 (1st Cir. 1972). As such, in assessing attorneys' fee under the ADA, the Court must consider the benefits to the public as a whole attained as a result of the civil rights action. In Villano v. Boynton Beach, 254 F.3d 1302, 1306 (11th Cir. 2001) the Court held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs."  As required under the law, Plaintiffs respectfully request that the Court give proper weight to the public interests that were vindicated for the Plaintiffs and disabled persons as a result of this litigation. Defendant shall now be required to make to its premises fully compliant, which will assist not only the Plaintiff but also all disabled persons.  See Hensley, 461 U.S. at 1940 (where a Plaintiff has obtained excellent results, his attorney should recover a fully compensable fee). As one court referenced in Village Nurse Association of North Shore, Inc v. Bullen, 1995 U.S. Dist. Lexis 21935 (D. Mass. 2006), "As the Senate noted upon the enactment of 42 U.S.C. § 1988, all of these civil rights laws depend heavily upon private enforcement, and fee awards have proved an essential remedy if private citizens are to have a meaningful opportunity to vindicate the important Congressional policies which these law contain" (citation and internal quotations omitted).

In the case at bar, Plaintiff obtained significant beneficial results which substantially increase the accessibility of Defendant's facility to wheelchair disabled individuals.[1]

### B.    The Time and Labor Required

Considerable time and effort was required to obtain the resolution of this case. Plaintiffs filed this action requesting that Defendant timely remove barriers to access at its hotel  so that Plaintiffs and other wheelchair bound disabled persons could avail themselves of the same goods and services enjoyed by the general public.

As set forth in the timesheets and docket entries, the undersigned attorney spent considerable time on this matter.

Exhibit B consists of the time sheets to date of time spent by Plaintiffs' attorney, Thomas B. Bacon.  As set forth on those time sheets, attorney Thomas B. Bacon spent 45.5 hours;  and his paralegal expended 2.9 hours.  This time was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained.  This time includes the time expended by Plaintiff's counsel in drafting this Fee Application.  Any and all time incurred by Plaintiff's counsel in filing, preparing and litigating this fee application and any fee hearings thereon is compensable.  See Martin v. University of South Alabama, 911 F.2d 604, 610 (11th Cir. 1990); Guerrero v. Commings, 70 F.3d 1111 (9th Cir. 1995);  Davis v. City and County Of San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1992); Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist., 71 F.3d 1053 (2nd Cir. 1995); Barlow-Gresham Union High School District No. 2 v. Mitchell, 940 F.2d 80 (9th Cir. 1991); Lund v. Affleck, 587 F.2d 75 (1st Cir. 1978);

---

[1]This is a suit for injunctive relief and no monetary damages are sought.  Therefore, the "amount involved" is inapplicable as a factor in this action.

Gagne v. Maher, 594 F.2d 336 (1979); Johnson v. State of Mississippi, 606 F.2d 635 (5th Cir.

1979);  Bagby v. Beal, 606 F.2d 411 (3[d] Cir. 1979); Prandini v. National Tea Company, 585 F.2d

47 (3[d] Cir. 1978).

**C.     The Novelty And Difficulty Of The Questions Presented And The Skill Requisite To Perform The Legal Service Properly**

Thomas B. Bacon  regularly represents disabled plaintiffs in actions against places of

public accommodations seeking the removal of ADA violations.  It is estimated that there are

very few firms nationwide that litigate Title III ADA claims.  Thus, the undersigned has

developed forms and procedures aimed at reducing the number of hours incurred at the inception

of the case.  For example, a complaint that would normally require 20-50 hours to generate only

requires 2-4 hours for this firm.  Such efficiency, however, should not be construed as an

indication that ADA cases do not present novel and difficult questions.  To the contrary,

representation of plaintiffs in ADA actions presents numerous issues regarding entitlement to

injunctive relief, standing, barriers to access, undue burden, exemptions, new construction and

alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA

accessibility guidelines), Technical Assistance Manual and a multitude of other guides issued by

the Department of Justice, the extensive volumes of case law issued by the courts nationwide,

and finally whether remedial measures are "readily achievable."

Plaintiffs submit that the novelty and difficulty of the issues presented in ADA actions,

and the skill requisite to properly address such issues, justify a higher rate than many other areas

of practice.

**D.     The Preclusion Of Other Employment Due To Acceptance Of The Case And The Undesirability Of The Case**

-8-

It has been recognized that plaintiffs and their attorneys in cases such as the one at issue herein are the subjects of "vitriolic hostility." Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996). They are often the subjects of negative publicity, have been called "professional pawns" by some detractors and a "cottage industry" by others. Some courts, on the other hand, have recognized such civil rights advocates as "private attorney generals." See e.g., Hensley, 461 U.S. at 445. It is seldom admitted that the primary, and perhaps singular, reason public places are beginning to comply with the 17-year old obligations of the ADA is because of these private attorney generals filing enforcement suits.

Yet, because of the negative publicity and attitude that many have toward Title III ADA actions, the undersigned is predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that undersigned counsel will attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."

Additionally, in the instant case, the undersigned attorney expended the time referenced above in the prosecution of this action. This time, spent on a contingency basis, could have been spent on other matters.

**E.     The Customary Fee And Fees Awarded In Similar Cases**

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases.  Because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate.  The current market rate is the rate at the time of the Fee Petition, not the rate at the time the services were performed. This takes into account the delay in payment.  Lanni v. State of New Jersey, 259 F.3d 146, 149-50 (3d Cir. 2001). Additionally, in considering the rates awarded in prior cases, courts adjust rates upward to account for inflation.  It is especially important in this case, which has been in litigation for months, without the Plaintiffs' counsel having received any payment to date.

As set forth above, the fee customarily charged and awarded by courts in civil rights cases is $350 to $430 per hour.  Plaintiffs are seeking $350 per hour for attorney Thomas Bacon, and $115 per hour for paralegal.

**F.     Whether The Fee is Fixed or Contingent**

The fee in the instant action is contingent.  In fact, Plaintiff's counsel has incurred significant expenses.  Moreover, there is no certainty that Plaintiff's counsel will receive any compensation at all.  Therefore, in setting a reasonable hourly rate, Plaintiff submits that this Court should award the higher range of rates to account for the length of time and uncertainty that counsel would be paid at all.

**G.     The Time Limitations Imposed by the Client or Circumstances**

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the subject Facility, time was of the essence.  Every day that passed while the undersigned

did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the Facility would remain inaccessible.

**H.     The Experience, Reputation and Ability of the Attorneys**

Plaintiffs' counsel has significant experience in civil rights cases, including ADA Title III litigation in several many states.  (See resume of attorney  Thomas B. Bacon, Exhibit C.)

Plaintiff's counsel have the experience, reputation and ability that the Johnson Court, supra, looks to when determining fees.

Thomas Bacon has over twenty (20) years of experience as a trial attorney.  He is a member of the Florida Bar, 1998; the Pennsylvania Bar, 1989; the Georgia Bar, 2008; United States District Court for the Southern District of Florida; United States District Court for the Northern District of Illinois; United States District Court for the Western District of Texas; United States District Court for the Western District of Pennsylvania; Eleventh Circuit Court of Appeals; and Sixth Circuit Court of Appeals.

**I.     The Nature and Length of the Professional Relationship with the Client**

The undersigned attorney has represented Plaintiff in several other actions, and has a continuing relationship with the client.  This has led to increased efficiency in the prosecution of this litigation.

**IV.   EXPERT FEES, COSTS AND LITIGATION EXPENSES**

**A.  Costs**

A  prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. § 1920, which provides for recovery of, inter alia, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the

stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees

"for exemplification and copies of papers necessarily obtained for use in the case"; and (5)

docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not

normally available under § 1920. See Dowdell v. City of Apopka, 698 F. 2d 1181, 1189-92 (11th

Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally

absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during

the course of litigation, or as an aspect of the settlement of the case." Id at 1192.  Dowdell

reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

In Davis v. Mason County, 927 F. 2d 1473, 1488 (9th Cir. 1991), the Ninth Circuit

discussed the recovery of travel expenses under 42 USC 1988,

> " Mason County fails to see that like the expert witness fees, the travel expenses
> were not granted as costs under section 1920, but rather as out-of-court expenses
> compensable under section 1988. Courts have generally held that expenses
> incurred during the course of litigation which are normally billed to fee-paying
> clients should be taxed under section 1988. Dowdell, supra at 1190, Palmigano v.
> Garraby, 707 F. 2d 636,637 (1st cir 1983); Northcross v. Board of Education, 611
> F. 2d 624, 639 (6th Cir. 1979); cert. denied, 447 U.S. 911 (1980). As the Eleventh
> Circuit said in Dowdell:
>
> " Reasonable attorney's fees' under the (Attorney's Fee Awards) Act must
> include reasonable expenses because attorney's fees and expenses are inseparably
> intertwined as equally vital components of the cost of litigation. The factually
> complex and protracted nature of civil rights litigation frequently makes it
> necessary to make sizeable out -of- pocket expenses which maybe essential to
> success as the intellectual skills of the attorneys. If these costs are not taxable, and
> the client, as is often the case, cannot afford to pay for them, they must be borne
> by counsel, reducing the fees award accordingly. Thus, following the reasoning
> adopted in upholding the award of expert witness fees, we also affirm the district
> courts award of travel expenses pursuant to section 1998."

Said expenses are fully itemized in the attached invoice.

The proposed $750.00 reinspection fee payable to the plaintiff, disability organization, is for the reinspection contemplated after the Defendant completes the repairs of the existing barriers to access, to confirm that the ADA violations have been corrected. Reinspection fees have been awarded in civil rights cases in order to monitor compliance with the court order.  See, Access For America, Inc. v. Oakwood Center, L.C., Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); Access For America, Inc. v. Fram Fed Four, Inc. Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); Access 4 All, Inc. v. Business Consultants International Corp. Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); Access 4 All, Inc. v. Safari Investments, Inc. Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002). Various circuit courts have held that services required in the post-judgment monitoring to ensure continuing compliance with a consent decree in civil rights cases are compensable. See Keith v. Volpe , 833 F. 2d. 850, 855-56  (9th Cir. 1987), Johnson v. City of Tulsa, 489 F.3d 1089, 1106  (10th Cir. 2007), Northcross v. Board of Education, 611 F. 2d 624, 637  (6th Cir. 1980);Garrity v. Sununu, 752 F. 2d 727, 738-39 (1st Cir. 1984), Jenkins v. State of Missouri, 127 F. 3d 709, 716-720  (8th Cir. 1997). At least one Circuit has awarded compensation for such services prospectively.    See Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp., 540 F.2d 102, 121  (3d Cir. 1976).

**B.  Expert Fees**

The ADA expressly states that the prevailing party may receive "a reasonable attorneys fees, including litigation expenses and costs." 42 USC § 12205.   See Lovell v. Chandler, 303 F. 3d 1039, 1058  (9th Cir. 2002)  ("because the term 'litigation expenses' normally encompasses expert witness fees, we hold that the statutory provision provides direct authority for the award of

-13-

expert witness fees."); <u>Robins v. Scholastic Book Fairs</u>, 928 F.Supp 1027, 1036  (D. Or. 1996) (finding that litigation expenses include the costs of expert witnesses); <u>Association for Disabled Americans, Inc., et. al. v. North Beach Hotel, Inc.</u>, <u>supra</u>, (awarding expert fees of $3755.50 at $185 per hour); <u>Disabled Patriots of America, Inc. v. SCIT, Inc.</u>,Case No. 06-2888  (N.D. Oh. 2007)(awarding $6,350 in expert fees at hourly rate of $175 for initial inspection and $200 per hour for the final inspection).

In the case at bar, Plaintiffs seek reimbursement for the expert expenses for the services of their expert.  A copy of the resume of the expert is attached hereto as Exhibit D-1 and D-2.

The expert traveled to Lakeland, performed the initial field inspection to confirm the validity of the Complaint, and issued an initial report of the violations.  The expert also traveled to Lakeland again to meet with Defendant's expert and participated in drafting proposed remediations.

Attached hereto as Exhibit E, is a copy of the initial report, as well as a copy of the two invoices for services rendered by Plaintiffs' expert, Exhibit F-1 and F-2.

As hereinbefore explained, and as itemized in the invoice submitted, the Plaintiff's attorneys' fees, costs and litigation expenses including expert fees are as follows:

(a)     To date, the Plaintiff has incurred $15,925.00 for attorneys' fees based on an hourly rate of $350 per hour for legal services by attorney Thomas B. Bacon, and paralegal fees of $333.50 based on $115 per hour for the paralegal .   Plaintiffs' counsel certifies that he has fully reviewed the time records and supporting data and that the motion is well grounded in fact and is justified.

(b) Plaintiff has further incurred costs and litigation expenses in the total amount of $501.25.

(c) Plaintiff's expert fees total $7,000.00

(d) The re-inspection fee is $750.00

Thus, Plaintiffs' total expert fees, attorney fees, costs and litigation expenses are $24,509.75.

After negotiations, however, the parties agreed to a compromised amount totaling $18,000.00.

Conclusion

WHEREFORE, Plaintiffs respectfully move this Court to approve the release of the agreed settlement funds in the amount of $18,000.00..

Respectfully submitted,

Attorney for Plaintiffs:

  /s/ Thomas B. Bacon

Thomas B. Bacon, Esq.
**Thomas B. Bacon, P.A.**
4868 S.W. 103rd Ave.
Cooper City, FL 33328
ph. (954) 925-6488
fax (954) 237-1990
tbb@thomasbaconlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system this 28th day of April, 2010:


/s/ Thomas B. Bacon