UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OWEN HARTY,**

    **Plaintiff,**

v.                                        Case No.  8:09-cv-2597-T-30TGW

**KIMCO LAKELAND 123, INC.,**

    **Defendant.**

_____/

## ORDER

    Plaintiff filed this action under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et seq.  The parties settled the action and a 60-day order of dismissal was entered on March 22, 2010, ordering that no party make any payment of fees or costs without prior approval from this Court.  On April 19, 2010, the Court ordered Plaintiff's counsel to "submit an attorney's fee and costs affidavit with supporting time records and documentation." (Dkt. 12).  In response to the order, Plaintiff's counsel, Thomas Bacon, submitted the requested records in addition to a sixteen page verified application for approval of fees and costs and memorandum of law.  The Court did not request the verified application and memorandum of law and it was unnecessary for Plaintiff's counsel to file it.

    According to the time records submitted, Plaintiff's counsel spent 45.5 hours at a rate of $350 per hour working on this case.  The Court finds this amount of time to be unreasonable under the circumstances.  The number of hours is reduced to 29.4 hours.

Therefore, Plaintiff's attorney is awarded **$10,290.00** (29.4 hours x $350.00) in attorney's fees. In addition, the Court will not approve any of the requested paralegal fees because all of the paralegal's time was spent doing secretarial work and the Court does not award fees for that.

Plaintiff also requested expert fees in the amount of $7,000.00 (35 hours x $200 per hour). The Court finds the expert's hourly rate of $200 per hour to be unreasonable and the amount of time spent to be unreasonable. The expert's total travel time is excessive and will be reduced. The expert also did a property ownership search which was redundant because Plaintiff's attorney had also conducted the same search. Additionally, the expert spent an excess amount of time conducting a "comparative analysis." The Court reduces the expert's hourly rate to $150 per hour and the number of hours to 24. Therefore, the Court awards expert fees in the amount of **$3,600.00**.

Finally, Plaintiff requests costs in the amount of $501.25. The Court will not approve costs for postage or photocopies. Also, the process server's of $85 fee is excessive. The United States Marshals Service charges $55.00 for service of process. The process server's charge is reduced to $55.00. The total costs are reduced to **$430.00**.

The Court will approve the Settlement Agreement in part and allow the release of fees and costs in the total amount of **$14,320.00**.

It is therefore ORDERED AND ADJUDGED that:

1. The Stipulation of Dismissal with Prejudice (Dkt. 13) is APPROVED in part as set forth above.

2. Plaintiff's Motion to Approve the Settlement Agreement Regarding Attorney Fees, Costs, Expert Fees, and Litigation Expenses (Dkt. 14) is **GRANTED** in part as set forth above.

**DONE** and **ORDERED** in Tampa, Florida on April 29, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2597.atty fees.frm